## KINNEBREW vs. THE STATE OF GEORGIA.

1. The verdict was sustained by the evidence.
2. To sustain a motion for a new trial on the ground of newly discovered evidence of witnesses to the effect that they were present at the time in question, and that the weapon which was drawn by the deceased was a knife and not a pistol, it is not sufficient for the accused to state in his affidavit that he did not know the facts so sworn to by these witnesses, without stating that he did not know that these witnesses were present at the time.

October 12, 1888.

New trial. Newly discovered evidence. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1888.

Reported in the decision.

R. S. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

BLANDFORD, Justice.

1. Kinnebrew was indicted and found guilty of the offence of having and carrying about his person, concealed, a pistol. The witnesses for the State testified to having seen him draw from his hip-pocket a pistol. Two of them said it was a pistol, and one of them testified what kind of a pistol it was. A third witness testified that he saw him draw something from his pocket, but did not know whether it was a pistol or not, but it

looked like one. This was sufficient evidence to authorize the jury to convict the accused.

2. The defendant made a motion for a new trial, upon the ground of newly discovered evidence. The testimony discovered was that of two witnesses, who made affidavits to the effect that they were present at the time and saw what he pulled from his pocket, and that it was a knife and not a pistol. The affidavit of the accused himself merely states that he did not know the facts sworn to by these two witnesses before going to trial; but he does not say in his affidavit that he did not know that these two witnesses were present on that occasion. We think that, in order to make his showing complete, he should have put in his affidavit that he did not know that they were present; because if he knew they were present, he was negligent and did not use due diligence in procuring their testimony upon the trial. We think, therefore, that this conviction is right, and the court committed no error in refusing the motion for a new trial.

Judgment affirmed.