20849. MASHBURN *v.* THE STATE.

DECIDED DECEMBER 18, 1930.

*Willis Smith,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

LUKE, J. Willard Mashburn was convicted under an accusation charging him with stealing one and a half gallons of motor oil from M. B. Lane. His exception is to the judgment overruling his motion for a new trial.

M. B. Lane testified: that he had a store in Carroll county, fifty or seventy-five yards from his residence and between a quarter and a third of a mile from the home of his brother-in-law; that at some time between seven and eight o'clock in the night of December 25, 1929, he closed his store and went over to his brother-in-law's house; that when he and his wife started home he noticed a light near his store, and that when they arrived at the store the defendant's automobile was standing close up to the porch of the store; that this was about nine o'clock the same night; that the hood of the car was up, and that the defendant "was out around where you pour oil in the car," fooling with something; that Arthur Mashburn and Dean were in the car, and Ralph Doss tried to hide behind it; that witness ran a filling-station at said store, and had on the front porch thereof a thirty-five-gallon oil container; that before leaving his store witness locked said container, but that when he returned the lock was broken; that he found oil "strung from the container right around to the front of the car where you pour oil in it;" that according to measurements made by him with a notched stick before he went to his brother-in-law's, and a measurement made the morning after the alleged theft, about a gallon and

a half of oil was missing from his tank; that defendant asked witness if he had any gas, and that, after replying that he had none, witness asked if they wanted any oil; that defendant replied, "I have plenty of oil;" that witness's wife said, "You have a right to have plenty," and defendant said, "You don't believe I got any oil, do you?" This witness further swore that he sent for "the boys," to see if he "could adjust the matter;" that they came to see him four or five times; and that he offered to "settle it" if each of them would pay him $20, and that they said they would pay $10.

Mrs. M. B. Lane testified that she noticed that the oil container was broken open as soon as she and her husband reached the store that night, and that oil was spilled from the tank "right up to the car." Her testimony is so similar to that of her husband that it would be useless to state more of it.

Other witnesses testified that they heard "something like a plank breaking," over about the said store, after the defendant and his companions drove up there, but that they heard no such noise as a chisel cutting a piece of iron would make.

Arthur Mashburn, defendant's father, testified: that he was with the defendant on the night in question; that the party went to Lane's after gas; that witness did not hear Mrs. Lane say anything about oil; that witness did not know whether or not defendant got any oil that night at the store of witness's father; that witness told Lane when Lane sent for him "to see if he could settle this thing out of court," that witness would pay the cost of the warrants and stop it, but that Lane wanted $20 apiece, and that ended it.

Ralph Doss testified: that he and his party went to Lane's store after gas; that, finding no one at the store, they knocked on the door to Lane's residence, but nobody answered; that they had just gotten a quart of oil from Mr. Mashburn's store, and that witness did not hear anything said about oil; that none of the party went on the porch to the store until after Lane and his wife came up; that defendant never said to Mrs. Lane, "You don't think we got any oil?", and that witness never heard any noise like the breaking of a plank.

The defendant stated to the jury that he went to Lane's store on the night in question, to get gas; that he got oil before going there, and did not go after oil; that he first blew his horn, and

then went and knocked on Lane's door, but found no one; that as he was returning to the store from Lane's house, he saw a light, and Lane came up in about two minutes; that the hood of his car was not up when Lane came up; and that he, defendant, "didn't bother the oil at all."

We have set out enough of the testimony to show the State's case, and to indicate what the defense was. We can not say that the verdict, which has the approval of the trial judge, is not supported by the evidence. Therefore the court did not err in overruling the general grounds of the motion for a new trial.

The defendant insists that the court erred in refusing to grant a new trial because of the alleged newly discovered evidence of T. E. Futrall and Claude Masdon; it being contended that each of these witnesses would have refuted the testimony of Mr. and Mrs. Lane that on the night in question motor oil was spilled from the tank to defendant's automobile. Each of these witnesses was sworn for the State, and each was cross-examined by counsel for the defendant. In *Kinnebrew* v. *State*, 81 *Ga.* 765 (7 S. E. 691), the Supreme Court held: "To sustain a motion for a new trial on the ground of newly discovered evidence of witnesses to the effect that they were present at the time in question, and that the weapon which was drawn by the deceased was a knife and not a pistol, it is not sufficient for the accused to state in his affidavit that he did not know the facts so sworn to by these witnesses, without stating that he did not know that these witnesses were present at the time." Near the end of the decision this language appears: "if he knew they were present, he was negligent and did not use due diligence in procuring their testimony upon the trial." The ruling in the *Kinnebrew* case is quoted with approval in *Waller* v. *State*, 34 *Ga. App.* 674 (131 S. E. 95). In *Hall* v. *State*, 117 *Ga.* 263 (2) (43 S. E. 718), it was held: "A motion for a new trial on the ground of newly discovered evidence is not intended to serve the purpose of cross-examination." Furthermore, "the granting of new trials on the ground of newly discovered evidence is not favored by the courts, and the discretion of a trial judge in refusing a new trial on such ground will not be controlled unless manifestly abused." *Tilley* v. *Cox*, 119 *Ga.* 867, bottom page 872 (47 S. E. 219). We are well satisfied that under the facts presented by the record, the

trial judge did not abuse his discretion in refusing to grant a new trial because of newly discovered evidence.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*